UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | CASE NO.: |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| THE THOMSON CORPORATION and REUTERS GROUP PLC, | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF UNITED STATES' MEMORANDUM CONCERNING TUNNEY ACT PROCEDURES REQUIRED BEFORE ENTRY OF FINAL JUDGMENT**

Plaintiff United States of America submits this memorandum addressing the procedures for entry of the proposed Final Judgment required by the Antitrust Procedures and Penalties Act, 15 U.S.C. §§ 16(b)-(h) (the "APPA" or the "Tunney Act"), which applies in civil antitrust cases brought and settled by the United States. As described below, the APPA requires that the United States and the Court take certain steps before the proposed Final Judgment may be entered in this matter.

1.  Plaintiff has filed herewith, *inter alia*, a Complaint, proposed Final Judgment, Competitive Impact Statement, and Asset Preservation Stipulation and Order. Plaintiff respectfully requests that the Court enter the Asset Preservation Stipulation and Order immediately, and enter final judgment only following the procedures required by the Tunney Act and set forth below.

2. In the Asset Preservation Stipulation and Order, Defendants have agreed to abide by the terms of the proposed Final Judgment before it is entered by the Court. In addition, Defendants have agreed to follow certain procedures described in the Asset Preservation Stipulation and Order until the divestitures required by the proposed Final Judgment are completed. The Asset Preservation Stipulation and Order also contains the parties' agreement that, after compliance with the APPA, the Court may enter the proposed Final Judgment.

3. Under the Tunney Act, Plaintiff must provide public notice of the proposed Final Judgment for no less than sixty days prior to entry:

> Any proposal for a consent judgment submitted by the United States for entry in any civil proceeding brought by or on behalf of the United States under the antitrust laws shall be filed with the district court before which such proceeding is pending and published by the United States in the Federal Register *at least 60 days prior to the effective date of such judgment*.

15 U.S.C. § 16(b) (emphasis added). The Tunney Act also provides for filing and publication of a competitive impact statement, and for publication of summaries in newspapers. 15 U.S.C. §§ 16(b), (c). The notice must inform members of the public that they may submit comments about the proposed Final Judgment to the United States Department of Justice, Antitrust Division. 15 U.S.C. § 16(b).

4. During the sixty-day period, Plaintiff will consider, and at the close of that period respond to, any comments that it has received, and it will publish the comments and Plaintiff's responses in the *Federal Register*. *See* 15 U.S.C. § 16(d).

5. After the expiration of the sixty-day notice-and-comment period, Plaintiff will file with the Court a response to such comments. 15 U.S.C. § 16(d). Plaintiff either will ask the Court to enter the proposed Final Judgment, subject to any proposed revisions, or will withdraw

its consent to entry of the Final Judgment, as provided in Section IV.A. of the Asset Preservation Stipulation and Order.

6. Upon Plaintiff's request that the Court enter final judgment, the APPA requires that "the court shall determine that the entry of such judgment is in the public interest," 15 U.S.C. § 16(e)(1), and further provides that the Court may do this without a hearing or permitting anyone to intervene, 15 U.S.C. § 16(e)(2).

Dated: February 19, 2008

Respectfully submitted,

FOR PLAINTIFF
UNITED STATES OF AMERICA

_____
Robert P. Mahnke
Networks and Technology Enforcement Section
United States Department of Justice
Antitrust Division
600 E Street, N.W., Suite 9500
Washington, D.C. 20530
(202) 307-6200