UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        v.<br><br>THE THOMSON CORPORATION and<br>REUTERS GROUP PLC,<br><br>                Defendants. | Case: 1:08-cv-00262<br>Assigned To : Hogan, Thomas F.<br>Assign. Date : 2/19/2008<br>Description: Antitrust |

## ASSET PRESERVATION STIPULATION AND ORDER

It is hereby stipulated and agreed by and between the undersigned parties, subject to approval and entry by the Court, that:

### I. Definitions

As used in this Stipulation and Order:

A.    The terms "Acquirer(s)," "Aftermarket Research," "Direct Content Datafeeds," "Divestiture Assets," "Estimates," "Fundamentals," "Reuters," and "Thomson" have the same meaning as defined in the proposed Final Judgment in this action filed herewith.

### II. Objectives

The proposed Final Judgment is meant to ensure Defendants' prompt divestitures of the Divestiture Assets for the purpose of preserving viable competition in the business of distribution of Fundamentals, Estimates, or Aftermarket Research information for institutional use to remedy

the anticompetitive effects that the United States alleges would otherwise result from the Defendants' merger. This Stipulation will ensure that until the divestitures required by the proposed Final Judgment have been accomplished, Thomson and Reuters, with respect to their Fundamentals, Estimates, and Aftermarket Research businesses, will continue to be operated as economically viable and ongoing competitive businesses and that the Divestiture Assets will be preserved and maintained.

### III. Jurisdiction and Venue

The Court has jurisdiction over the subject matter of this action, and Defendants waive all objections to the Court's exercise of personal jurisdiction over Defendants in this action and to the propriety of venue in the United States District Court for the District of Columbia.

### IV. Compliance with and Entry of the Proposed Final Judgment

A. The parties stipulate that the proposed Final Judgment may be filed with the Court, and that, upon the motion of any party or upon the Court's own motion, it may be entered at any time after compliance with the requirements of the Antitrust Procedures and Penalties Act (15 U.S.C. § 16), without further notice to any party or other proceedings, <u>provided that</u> the United States has not withdrawn its consent, which it may do at any time before the entry of the proposed Final Judgment by serving notice thereof on Defendants and by filing that notice with the Court.

B. Defendants shall abide by and comply with the provisions of the proposed Final Judgment pending its entry by the Court, or until expiration of time for all appeals of any Court ruling declining entry of the proposed Final Judgment, and shall, from the date of the signing of this Stipulation by the parties, comply with all the terms and provisions of the proposed Final

Judgment as though the same were in full force and effect as an order of the Court.

C. Defendants shall not consummate the transaction sought to be enjoined by the Complaint herein before the Court has signed this Stipulation.

D. This Stipulation shall apply with equal force and effect to any amended proposed Final Judgment agreed upon in writing by the parties and submitted to the Court.

E. In the event: (1) the United States has withdrawn its consent, as provided in Section IV(A) above, or (2) the proposed Final Judgment is not entered pursuant to this Stipulation, the time has expired for all appeals of any Court ruling declining entry of the proposed Final Judgment, and the Court has not otherwise ordered continued compliance with the terms and provisions of the proposed Final Judgment, then the parties are released from all further obligations under this Stipulation, and the making of this Stipulation shall be without prejudice to any party in this or any other proceeding.

F. Defendants represent that the divestitures ordered in the proposed Final Judgment can and will be made, and that they will later raise no claim of mistake, hardship or difficulty of compliance as grounds for asking the Court to modify any of the provisions contained therein.

## V. Asset Preservation

Until the divestitures required by the Final Judgment have been accomplished:

A. Defendants shall preserve, maintain, and continue to operate the Divestiture Assets as ongoing, economically viable competitive assets and shall operate each Divestiture Asset as a viable competitor in their respective fundamentals, estimates and aftermarket research markets. Defendants shall take all steps necessary to ensure that Thomson and Reuters independently set the prices and other terms and conditions for the sale of Fundamentals and

Estimates to Direct Content Datafeed customers and redistributors, while continuing to maintain current levels of service. Within twenty (20) days after the entry of this Stipulation, Defendants will inform the United States and the Monitoring Trustee of the steps Defendants have taken to comply with this Stipulation.

  B. Defendants shall use all reasonable efforts to develop, maintain, and increase the sales and revenues of the products and services produced, operated, developed, updated, delivered, marketed, distributed, licensed, or sold under the Divestiture Assets, and shall maintain at 2007 or previously approved levels for 2008, whichever are higher, all support and operational services relating to maintenance, updating, order processing, accounting, promotions, advertising, sales, customer service, technical assistance, marketing, and distribution for the Divestiture Assets.

  D. Defendants shall provide sufficient working capital and lines and sources of credit to maintain the Divestiture Assets as economically viable and competitive, ongoing concerns, consistent with the requirements of Sections V (A), (C) and (D) of this Stipulation.

  E. Defendants shall not, except as part of a divestiture approved by the United States in accordance with the terms of the proposed Final Judgment, remove, sell, license, assign, transfer, pledge or otherwise dispose of any of the Divestiture Assets.

  F. Defendants shall take no action that would jeopardize, delay, or impede the sale of the Divestiture Assets.

  G. Defendants shall not transfer or reassign the personnel identified on Schedule 2 of the proposed Final Judgment to other areas within the company except for transfer bids initiated by employees pursuant to Defendants' regular, established job posting policy. Defendants shall

provide the United States and the Monitoring Trustee with ten (10) calendar days notice of such transfer.

  H. Defendants shall take no action that would interfere with the ability of any trustee appointed by this Court to monitor compliance with the proposed Final Judgment or to complete the divestitures pursuant to the proposed Final Judgment to an Acquirer or Acquirers acceptable to the United States

  I. This Stipulation shall remain in effect until consummation of the divestitures required by the proposed Final Judgment or until further order of the Court.

Dated: February 19, 2008

Respectfully submitted,

FOR PLAINTIFF
UNITED STATES OF AMERICA:

_____
Robert P. Mahnke
U.S. Department of Justice
Antitrust Division, Networks and
Technology Enforcement Section
600 E Street, NW, Suite 9500
Washington, D.C. 20530

FOR DEFENDANT
THE THOMSON CORPORATION:

_____
W. Dale Collins (D.C. Bar #430266)
Shearman & Sterling LLP
801 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 20004

_____
Beau W. Buffier
Shearman & Sterling LLP
599 Lexington Avenue
New York, New York 10022

FOR DEFENDANT
REUTERS GROUP PLC:

_____
Lee K. Van Voorhis (D.C. Bar #457798)
Weil, Gotshal & Manges LLP
1300 I Street, NW
Washington, D.C. 20005

**ORDER**

IT IS SO ORDERED by the Court, this 20th day of February 2008.

_____
United States District Judge