UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE THOMSON CORPORATION, and<br><br>REUTERS GROUP PLC<br><br>Defendants. | CASE NO.: 1:08-cv-00262<br>Assigned To: Hogan, Thomas F.<br>Assign. Date: 02/19/2008<br>Description: Antitrust |

**STIPULATED MOTION TO PLACE
SCHEDULES 2, 3, AND 4 TO THE PROPOSED FINAL JUDGMENT UNDER SEAL**

By this stipulated motion, and pursuant to Federal Rule of Civil Procedure 26(c) and Local Civil Rule 5.1(j), Plaintiff and Defendants move this Court for an order permitting the United States to file certain materials under seal.

On February 19, 2008, Plaintiff United States filed a Complaint alleging violation of Section 7 of the Clayton Act, as amended, 15 U.S.C. § 18, and a proposed Final Judgment which would resolve the Complaint's allegations. The proposed Final Judgment contained certain trade secrets, in Schedules 2, 3, and 4, the public disclosure of which could prejudice the efficacy of the remedy set forth in the proposed Final Judgment. Upon the stipulated motion of Plaintiff and Defendants, the Court sealed Schedules 2, 3, and 4 of the proposed Final Judgment filed on February 19, 2008.

In papers filed herewith, Plaintiff United States now moves this Court to enter Final

Judgment, with updated versions of Schedules 3 and 4 reflecting changed circumstances since the prior proposed Final Judgment was filed on February 19, 2008. Plaintiff and Defendants move this Court for an order permitting Schedules 2, 3, and 4 to the proposed Final Judgment filed herewith to be placed under seal. *See generally Weaver v. Bratt*, 421 F. Supp. 2d 25, 43 (D.D.C. 2006).

Schedule 2 contains tables describing key personnel of Defendants involved in the development, production, maintenance, and operation of the Divestiture Assets as set forth in the proposed Final Judgment. This information is not available to the public. Under Section IV.C. of the proposed Final Judgment, Defendants shall permit prospective Acquirers of the Divestiture Assets to have reasonable access to personnel described in Schedule 2 and shall not interfere with any negotiations by the Acquirer(s) to employ any such personnel. Descriptions contained in Schedule 2 are sufficiently specific that those knowledgeable about Defendants could ascertain the identities of many of the individuals, which could substantially prejudice the efficacy of the remedy set forth in the proposed Final Judgment. Public disclosure of the information in Schedule 2 is not necessary to the Court's evaluation whether the proposed Final Judgment is in the public interest pursuant to the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16.

Schedules 3 and 4 list the twenty-five largest contributors of aftermarket research and estimates data to Reuters. This information is not available to the public. These lists are referenced in Section IV.H. of the proposed Final Judgment. Public release of the identities of these contributors would expose Reuters' confidential business information and could substantially prejudice both Defendants' negotiations with those contributors as required by

Section IV.H. and an Acquirer's subsequent business use of the Divestiture Assets. Such public release could substantially prejudice the efficacy of the remedy set forth in the proposed Final Judgment. Public disclosure of the information set forth in Schedules 3 and 4 is not necessary to the Court's evaluation whether the proposed Final Judgment is in the public interest pursuant to the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16.

For the foregoing reasons, Plaintiff and Defendants request that the Court permit Schedules 2, 3, and 4 of the proposed Final Judgment to be filed and maintained under seal.

Respectfully submitted,

FOR PLAINTIFF
UNITED STATES OF AMERICA:

_/s/ Robert P. Mahnke_
Robert P. Mahnke
United States Department of Justice
Antitrust Division, Networks and Technology
Enforcement Section
600 E. Street, NW, Suite 9500
Washington, D.C. 20530
(202) 307-6200

Dated: May 29, 2008

FOR DEFENDANT
THE THOMSON CORPORATION:

_/s/ W. Dale Collins_
W. Dale Collins (D.C. Bar #430266)
Shearman & Sterling LLP
801 Pennsylvania Avenue, NW, Suite 900
Washington, D.C. 20004
(202) 508-8000

FOR DEFENDANT
REUTERS GROUP PLC:

_/s/ Lee K. Van Voorhis_
Lee K. Van Voorhis (D.C. Bar #457798)
Weil, Gotshal & Manges LLP
1300 I Street, NW
Washington, D.C. 20005
(202) 682-7000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>THE THOMSON CORPORATION, and  )<br>  )<br>REUTERS GROUP PLC,  )<br>  )<br>  )<br>Defendants.  )<br>  ) | CASE NO.: 1:08-cv-00262<br>Assigned To: Hogan, Thomas F.<br>Assign. Date: 02/19/2008<br>Description: Antitrust |

**[PROPOSED] ORDER PLACING
SCHEDULES 2, 3, AND 4 TO THE PROPOSED FINAL JUDGMENT UNDER SEAL**

    Good cause having been shown and pursuant to Federal Rule of Civil Procedure 26(c) and Local Civil Rule 5.1(j), the Court ORDERS as follows:

    The document filed as Schedules 2, 3, and 4 to the proposed Final Judgment in this matter shall be placed under seal by the Clerk of the Court, and shall not be made part of the public record for any purposes.

 

_____
United States District Judge

Dated:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | CASE NO.: 1:08-cv-00262 |
|  | ) | Assigned To: Hogan, Thomas F. |
| Plaintiff, | ) | Assign. Date: 02/19/2008 |
|  | ) | Description: Antitrust |
| v. | ) ) |  |
| THE THOMSON CORPORATION, and | ) ) |  |
| REUTERS GROUP PLC, | ) ) ) |  |
| Defendants. | ) ) |  |

**NOTICE OF FILING UNDER SEAL**

Pursuant to Local Civil Rule 5.1(j) and Local Civil Rule 5.4(e)(1) and (2), Plaintiff United States hereby gives notice that it has filed in paper form a document under seal. The proposed Final Judgment filed electronically herewith includes redacted versions of three schedules, Schedules 2, 3, and 4. A complete version of the proposed Final Judgment will be filed in paper form under seal. By stipulated motion, Plaintiff and Defendants have filed herewith a motion for an order permitting Schedules 2, 3, and 4 to the proposed Final Judgment

to be placed under seal.


Dated: May 29, 2008

                                            Respectfully submitted,

                                            FOR PLAINTIFF
                                            UNITED STATES OF AMERICA


                                             /s/ Robert P. Mahnke
                                            Robert P. Mahnke
                                            United States Department of Justice
                                            Antitrust Division
                                            600 E Street, N.W., Suite 9500
                                            Washington, D.C.  20530
                                            (202) 307-6200