# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE THOMSON CORPORATION, and<br><br>REUTERS GROUP PLC,<br><br>Defendants. | CASE NO.: 1:08-cv-00262<br>Assigned To: Hogan, Thomas F.<br>Assign. Date: 02/19/2008<br>Description: Antitrust |

## UNOPPOSED MOTION TO MODIFY FINAL JUDGMENT

Plaintiff United States of America ("United States") respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 60(b)(5) and Section XIII of the Final Judgment entered in this matter on June 17, 2008 ("Final Judgment"), to modify the Final Judgment by entering the attached proposed Order to Modify the Final Judgment. Defendants The Thomson Corporation and Reuters Group PLC do not oppose the motion.

Under the terms of the Final Judgment, Defendants were required to divest the divestiture assets within five days after notice of entry of the Final Judgment. Furthermore, the Final Judgment provided that the United States could extend that deadline sixty days. The United States has granted several extensions, totaling sixty days, and does not have discretion to grant an extension beyond August 21, 2008. While Defendants have divested one set of divestiture

assets, they have yet to divest the Earnings Estimates and Aftermarket Research divestiture assets. On August 19, 2008 Defendants entered into a contract with an acquirer, but the United States has not yet had a chance to determine whether the acquirer and the purchase agreement meet the requirements of the Final Judgment.

The United States seeks modification of the Final Judgment to allow the United States to extend the deadline for sale of the divestiture assets an additional sixty days to allow the United States to investigate the suitability of the acquirer and divestiture proposal. The United States proposes to do so by modifying Paragraph IV.A of the Final Judgment to change the total length of time the United States may extend the deadline from 60 to 120 days, so that Paragraph IV.A would read as follows:

> Defendants are ordered and directed, within sixty (60) calendar days after the filing of the Complaint in this matter, or five (5) calendar days after notice of the entry of this Final Judgment by the Court, whichever is later, to divest the Divestiture Assets in a manner consistent with this Final Judgment to an Acquirer(s) acceptable to the United States, in its sole discretion. The United States, in its sole discretion, may agree to one or more extensions of this time period not to exceed 120 calendar days in total, and shall notify the Court in such circumstances. Defendants shall use their best efforts to divest the Divestiture Assets as expeditiously as possible.

The proposed modification is equitable in nature and serves the public interest by effectuating the remedy intended in the Final Judgment. Accordingly, plaintiff United States

respectfully requests that the Court grant the Motion and enter the attached proposed Order to Modify the Final Judgment.

Dated: August 20, 2008

Respectfully submitted,

FOR PLAINTIFF
UNITED STATES OF AMERICA

 /s/   Travis R. Chapman
Travis R. Chapman
Aaron Brodsky
Networks and Technology Enforcement Section
United States Department of Justice
Antitrust Division
600 E Street, N.W., Suite 9500
Washington, D.C.  20530
(202) 353-9006

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) ) Plaintiff, ) ) v. ) ) THE THOMSON CORPORATION, and ) ) REUTERS GROUP PLC, ) ) ) Defendants. ) ) | CASE NO.: 1:08-cv-00262 Assigned To: Hogan, Thomas F. Assign. Date: 02/19/2008 Description: Antitrust |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## UNOPPOSED MOTION TO MODIFY FINAL JUDGMENT

Pursuant to Federal Rule of Civil Procedure 60(b)(5) and Section XIII of the Final Judgment entered in this matter on June 17, 2008 ("Final Judgment"),[1] Plaintiff United States of America ("United States") has moved the Court to modify the Final Judgment by entering the proposed Order to Modify Final Judgment submitted with its motion, filed simultaneously herewith. Defendants The Thomson Corporation ("Thomson") and Reuters Group PLC ("Reuters") do not oppose this motion. As stated below, the proposed modification would give the United States the discretion to grant defendants an additional sixty days to accomplish the divestitures required by the Final Judgment. The modification may result in a successful divestiture and thus serves the public interest by effectuating the remedy intended in the Final Judgment. Accordingly, Plaintiff requests that the Court grant the Motion to modify the Final

---

[1] Section XIII of the Final Judgment provides that "[t]his Court retains jurisdiction to enable any party to this Final Judgment to apply to this Court at any time ... to modify any of its provisions."

Judgment and enter the proposed Order to Modify Final Judgment.

## I. BACKGROUND

On February 19, 2008, the United States filed a Complaint alleging that the acquisition of Reuters by Thomson violated Section 7 of the Clayton Act, 15 U.S.C. § 18. The Complaint alleged that the acquisition harmed competition in the fundamentals data, earnings estimates data, and aftermarket research markets. Along with the Complaint, the United States filed a proposed Final Judgment, Competitive Impact Statement and Asset Preservation Stipulation and Order.

The Final Judgment was designed to recreate competition in the fundamentals data, earnings estimates data, and aftermarket research markets by requiring the defendants to divest certain assets in a timely manner. The Court entered the Final Judgment on June 17, 2008.

The Final Judgment directed the defendants to divest the required assets within five days after notice of entry of the Final Judgment. The Final Judgment permitted the United States to extend that deadline by sixty days. The United States has granted several extensions now totaling sixty days and cannot extend the period to complete the divestitures beyond August 21, 2008.

The defendants completed the divestiture of the fundamentals data divestiture assets on July 24, 2008, after the United States investigated the divestiture and notified the parties that it did not object to the acquirer or the transaction. The defendants put forth an acquirer for the Earnings Estimates and Aftermarket Research assets on August 19, 2008. The United States requires more time to investigate the divestiture to ensure that the acquirer as well as the terms of the transaction are acceptable under the Final Judgment. Under the Final Judgment, however, the

United States has no more discretion to extend the time for the defendants to divest the assets. As additional time may result in a successful divestiture, the United States seeks an additional sixty days to accomplish the divestitures.

## II.  THE PROPOSED MODIFICATION SERVES THE PUBLIC INTEREST AND SHOULD BE APPROVED

### A.  Applicable Legal Standard

This Court has jurisdiction to modify the Final Judgment pursuant to Section XIII of the Judgment, the Federal Rules of Civil Procedure, Fed. R. Civ. P. 60(b)(5), and "principles inherent in the jurisdiction of the chancery." *United States v. Swift & Co.*, 286 U.S. 106, 114 (1932); *see also In re Grand Jury Proceedings*, 827 F. 2d 868, 873 (2d Cir. 1987). Where, as here, the United States, as plaintiff, unilaterally proposes a modification to a consent judgment and the modification does not further restrict the defendants' rights or actions, the Court should apply the same standard as when the United States and the defendant both consent to a modification. When the government unilaterally seeks to modify a decree, the court evaluates the modification in light of both how the additional burden imposed by the proposed modification affect the defendant's due process rights and the public interest. *Cf. Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985). However, where both the government and the defendant consent to modifications, the court focuses solely on the public interest aspects of the calculus. *See, e.g., United States v. W. Elec. Co.*, 993 F. 2d 1572, 1576 (D.C. Cir. 1993); *United States v. W. Elec. Co.*, 900 F. 2d 283, 305 (D.C. Cir. 1990); *United States v. Loew's, Inc.*, 783 F. Supp. 211, 213 (S.D.N.Y. 1992); *United States v. Columbia Artists Mgmt., Inc.*, 662 F. Supp. 865, 869-70 (S.D.N.Y. 1987) (*citing United States v. Swift & Co.*, 1975-1 Trade Cas. (CCH) ¶ 60,201, at

65,702-03 (N.D. Ill. 1975)). Here, the defendants agree to the modification and the proposed modification does not further impinge the defendants' rights. Accordingly, the court need only evaluate the proposed modification in light of the public interest. Thus, the issue before the Court is whether modification is in the public interest. This is the same standard that a district court applies in reviewing an initial consent judgment in a government antitrust case. The judiciary's role in determining whether the initial entry of a consent decree is in the public interest, absent a showing of abuse of discretion or a failure to discharge its duty on the part of the government, is to "inquire . . . into the purpose, meaning, and efficacy of the decree." *United States v. Microsoft*, 56 F.3d 1448, 1462 (D.C. Cir. 1995).

The purpose of the antitrust laws is to protect competition. *See, e.g., United States v. Penn-Olin Chem. Co.*, 378 U.S. 158, 170 (1964) (antitrust laws reflect "a national policy enunciated by the Congress to preserve and promote a free competitive economy"). The relevant question before the court therefore is whether modification of the Judgment would serve the public interest in "free and unfettered competition as the rule of trade." *Northern Pac. Ry. Co. v. United States*, 356 U.S. 1, 4 (1958); *see also United States v. W. Elec. Co.*, 900 F.2d at 308; *United States v. American Cyanamid*, 719 F.2d 558, 565 (2d Cir. 1983), *cert. denied*, 405 U.S. 1101 (1984); *United States v. Columbia Artists Mgmt.*, 662 F. Supp. 865, 870 (S.D.N.Y. 1987). Here, the Court should modify the decree as requested because it will effectuate the remedy originally intended in the Final Judgment by allowing the assets to be divested, and thus competition restored, in the most expedient way possible.

### B. The Proposed Modification

The United States seeks to modify Paragraph IV.A of the Final Judgment by changing the

term "sixty" in the second sentence to "120." The net effect of this modification is that the United States may extend the period for the defendants to divest the divestiture assets by an additional sixty days. The Department of Justice has concluded that extending the time period during which the defendant may divest the Earnings Estimates and Aftermarket Research assets will allow the assets to be divested, and thus competition restored, in the most expedient way possible. The Department has determined that the modification is therefore in the public interest.

III.   **ADDITIONAL PUBLIC NOTICE OF THE PROPOSED FINAL JUDGMENT MODIFICATIONS IS UNNECESSARY AND DOES NOT SERVE THE PUBLIC INTEREST**

The Antitrust Procedures and Penalties Act ("APPA"), 15 U.S.C. § 16 (b)-(h), does not expressly apply to the modification of entered final judgments.[2] Nonetheless, the United States and the courts have concluded that notice to the public and an opportunity for comment are appropriate where significant decree modifications are proposed.[3] Here, however, the modification is minor and serves only to effectuate what was intended in the Final Judgment. Accordingly, the United States sees no benefit of public notice in this matter. Thus, no notice or public comment period is either necessary or beneficial for a determination that the proposed modification is in the public interest.[4]

---

[2] The procedures mandated by the APPA govern federal district courts' consideration of "[a]ny proposal for a consent judgment submitted by the United States," 15 U.S.C. § 16(b), and are designed to facilitate a public interest determination "[b]efore entering any consent judgment proposed by the United States," 15 U.S.C. § 16(e).

[3] *See United States v. AT&T*, 552 F. Supp. 131, 144-45 (D.D.C. 1982), aff'd. sub nom. *Maryland v. United States*, 460 U.S. 1001 (1983).

[4] Few courts have addressed the issue of the applicability of the APPA to judgment modifications. Courts in this district have made non-material modifications of final judgments without requiring notice to the public and opportunity for comments. *United States v. Amsted Industries, Inc.,* Civil Action No. 07-00710 (D.D.C. July 15,

IV.     CONCLUSION

       For the foregoing reasons, plaintiff United States respectfully requests that the Court grant the Motion and enter the proposed Order to Modify Final Judgment.


Dated: August 20, 2008                                   Respectfully submitted,


                                                   /s/ Travis R. Chapman
                                                  Travis R. Chapman
                                                  Aaron Brodsky
                                                  Networks and Technology Enforcement Section
                                                  United States Department of Justice
                                                  Antitrust Division
                                                  600 E Street, N.W., Suite 9500
                                                  Washington, D.C.  20530
                                                  (202) 353-9006

---

2008) (Bates, J.); *United States v. Tidewater, Inc., et al.*, Civil Action No. 92-106 (D.D.C. October 7, 1992) (Hogan, J.); *United States v. Baker Hughes*, Civil Action No. 90-0825 (D.D.C. June 20, 1990) (Oberdorfer, J.).

Two courts have further held that the APPA is not applicable to judgment termination proceedings, suggesting that those courts would not view the APPA as applicable to minor judgment modifications. *United States v. American Cyanamid Co.*, 719 F.2d 558, 565 n.7; *United States v. General Motors Corp.*, 1983-2 Trade Cas. ¶ 65,614 at 69,093 (N.D. Ill. 1983). *But see United States v. Motor Vehicle Mfrs. Ass'n*, 1981-2 Trade Cas. ¶ 64,370 (C.D. Cal. 1981).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | |
| Plaintiff, | ) ) ) | CASE NO.: 1:08-cv-00262<br>Assigned To: Hogan, Thomas F.<br>Assign. Date: 02/19/2008 |
| v. | ) ) | Description: Antitrust |
| THE THOMSON CORPORATION and<br>REUTERS GROUP PLC, | ) ) ) | |
| Defendants. | ) ) ) | |

**[PROPOSED] ORDER TO MODIFY FINAL JUDGMENT**

The Court having received the unopposed motion of Plaintiff, United States, for modification of the Final Judgment entered in this case on June 17, 2008, and the Court finding that it is in the public interest to modify the Final Judgment, it is

**ORDERED, ADJUDGED, AND DECREED:**

That Section IV.A is hereby modified to read as follows:

**IV. Divestitures**

A.      Defendants are ordered and directed, within sixty (60) calendar days after the filing of the Complaint in this matter, or five (5) calendar days after notice of the entry of this Final Judgment by the Court, whichever is later, to divest the Divestiture Assets in a manner consistent with this Final Judgment to an Acquirer(s) acceptable to the United States, in its sole discretion.  The United States, in its sole discretion, may agree to one or more extensions of this time period not

to exceed 120 calendar days in total, and shall notify the Court in such circumstances. Defendants shall use their best efforts to divest the Divestiture Assets as expeditiously as possible.

Dated: _____, 2008

                                                                                                     _____
                                                                                                     UNITED STATES DISTRICT JUDGE